UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Dave and Diane Fitzgerald,<br><br>        Plaintiffs,<br><br> v.<br><br>Asotin County,<br><br>        Defendant. | NO: CV-09-341-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANTS REED AND DENNY |

  This matter comes before the Court on Defendant City of Asotin's Motion to Dismiss Adult Plaintiffs' Negligence Claims with Prejudice and to Dismiss Minor Plaintiff's Negligence Claim without Prejudice (Ct. Rec. 9) and Defendant City of Asotin's Motion to Dismiss Defendants Reed and Denny pursuant to Rule 4(m) (Ct. Rec. 13).

  Having reviewed the City's motion to dismiss the negligence claims (Ct. Rec. 9) and supporting memorandum (Ct. Rec. 10), the City's motion to dismiss defendants Reed and Denny (Ct. Rec. 13) and supporting memorandum (Ct. Rec. 14), the Plaintiffs' response to both motions (Ct. Rec. 16) and supporting

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 1

declaration (Ct. Rec. 17), the City's reply regarding both motions (Ct. Rec. 19), and the remaining file in this case, the Court is fully informed.

**Background:**

Dave and Diane Fitzgerald, on their own behalf, on behalf of their marital community, and on behalf of their minor son G.F. (collectively, the "Fitzgeralds"), sued Asotin County, the City of Asotin, and several named law enforcement officers for the County and City. The Plaintiffs brought a federal claim for violation of 42 U.S.C. § 1983 and the Fourth Amendment of the U.S. Constitution and a pendent state negligence claim. (Ct. Rec. 1) (Original Complaint, filed November 9, 2009) (*SEALED*); (Ct. Rec. 3) (First Amended Complaint, filed February 25, 2010). Defendant City of Asotin moves to dismiss Mr. and Mrs. Fitzgerald's negligence claims with prejudice.[1]

The Fitzgeralds alleged the following as the factual basis for their claims of negligence and a civil rights violation under 42 U.S.C. § 1983 and the Fourth

---

[1] The City's motion first requested dismissal of Mr. and Mrs. Fitzgerald's negligence claims with prejudice and dismissal of their minor son G.F's negligence claim without prejudice (Ct. Rec. 9). However, the City withdraws its motion with regard to the minor son's negligence claim in the City's reply brief (Ct. Rec. 19).

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 2

...

Amendment of the United States Constitution.[2]  On or around November 11, 2006, the Fitzgeralds resided in a house they owned in Asotin, Washington (Ct. Rec. 3 at 5).  A third party called 911 to report that shots were fired, or words to that effect, and law enforcement were dispatched to the Fitzgeralds' house to investigate.  Upon arriving at the house, the officers demanded entry without explaining the reason for their visit.  Mr. Fitzgerald explained that there was no emergency justifying the officers to forcibly enter the house because he and Ms. Fitzgerald had a verbal dispute that they resolved approximately 30 minutes before the officers' arrival.  Ms. Fitzgerald confirmed this version of events to the police.

The officers entered the house over the Fitzgeralds' objections and without a search warrant, ostensibly under their community caretaking duty.  At some point after the officers entered the house, one officer pointed his gun at close range at the head of the Plaintiffs' minor son, G.F., at which point the Fitzgeralds assert they were all fearful that G.F. would be shot and killed.  The Plaintiffs allege that the officers used excessive force against both Plaintiffs and G.F., resulting in personal injuries to all.

---

[2] All of the background facts are those set out in the Plaintiffs' First Amended Complaint for Damages and Injunctive Relief (Ct. Rec. 3).  The Defendants have not stipulated to the Plaintiffs' version of events.

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 3

The parties agree on the case's procedural history. (Ct. Rec. 10); (Ct. Rec. 16 at 3). The Plaintiffs filed a notice of claim with the City of Asotin and County of Asotin on November 3, 2009. *See* (Ct. Rec. 3 at 3, note 1); (Ct. Rec. 1, *SEALED*, at 3, note 1). On November 9, 2009, the Plaintiffs filed a complaint for damages and injunctive relief based on a claimed violation of 42 U.S.C. § 1983 and the Fourth Amendment (Ct. Rec. 1, *SEALED*).[3] The complaint lists a pendent state negligence claim as Count II, but qualifies that claim as follows:

> There are pending administrative claims being considered by defendants City of Asotin and County of Asotin, and, when the said defendants have either responded to those claims or there has been the passage of sixty (60) days, then the plaintiffs shall file an amendment to this complaint to include negligence claims against these two co-defendants, if the claims have not been resolved through the administrative process.

(Ct. Rec. 1, *SEALED*, at 12).

The Defendants refer to a second complaint dated November 9, 2009, that identified the Fitzgeralds' minor son by his initials, but there is no such complaint on the docket.

---

[3] The complaint is sealed because it identifies the Fitzgeralds' minor son by his full name.

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 4

The Fitzgeralds filed a first amended complaint on February 25, 2010, that stated that the Plaintiffs had exhausted their administrative remedies and informed the Court and the Defendants that the Plaintiffs "now bring their pendent jurisdiction claims for negligence against these defendants in this action, in this first amended complaint" (Ct. Rec. 3 at 3, note 1); *see also* (Ct. Rec. 3 at 12).

The original complaint and the amended complaint name the following defendants: County of Asotin, City of Asotin, Wayne Weber, Lee Reed, Ken Denny, Jeff Polillo, Nathan Boyer, and John Does number 1-50. (Ct. Rec. 1 *SEALED*); (Ct. Rec. 3). The parties agree that the Plaintiffs did not serve Lee Reed and Ken Denny within the 120 days allowed under Fed. R. Civ. P. 4(m). The Court issued a scheduling order following a scheduling conference on June 28, 2010, which directed the Plaintiffs to serve a summons and complaint on Defendants Reed and Denny on or before August 17, 2010 (Ct. Rec. 21 at 2).

**Analysis:**

*Motion to Dismiss the Adults' Negligence Claims*

Chapter 4.96 RCW provides the requirements for filing tort claims against local governmental entities. *See Gates v. Port of Kalama*, 152 Wn. App. 82, 87 215 P.3d 983 (2009). However, before commencing an action claiming damages, a plaintiff must first file a claim for damages within the time allowed by law. RCW 4.96.010(1). A party may not commence the tort action "until sixty days have

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 5

elapsed after" the filing of the notice of claim with the "local governmental district." RCW 4.96.020(4). The statute of limitations is tolled during the 60-day waiting period. *Troxell v. Rainier Public School District # 307*, 154 Wn.2d 345, 111 P.3d 1173 (2005).

Failure to comply with the requirements for a tort action against a local government entity results in dismissal of the action. RCW 4.96.020(4). *Troxell*, 154 Wn.2d at 360-61. Washington courts have repeatedly required strict compliance with the 60-day waiting period as with other statutory waiting periods. *Medina v. Public Utility District No. 1*, 147 Wn.2d 303, 317, 53 P.3d 993 (2002).

The Plaintiffs filed their notice of claim with the City and County on November 3, 2009. *See* (Ct. Rec. 3 at 3, note 1); (Ct. Rec. 1, *SEALED*, at 3, note 1). The sixty day waiting period tolled the statute of limitations on the Fitzgeralds' negligence claims until January 11, 2010. *See Castro v. Stanwood School Dist. No. 401*, 151 Wn.2d 221, 226, 86 P.3d 1166 (2004) ("Essentially, the provision adds 60 days to the end of the otherwise applicable statute of limitations."). The Fitzgeralds do not dispute that they did not file an amended complaint pleading those claims until February 25, 2010. The claims were then barred by the statute of limitations and are now properly dismissed with prejudice.

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 6

*Motion to Dismiss Defendants Reed and Denny Pursuant to Fed. R. Civ. P. 4(m)*

Rule 4(m) provides in relevant part:
If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court extended the time for service on Defendants Reed and Denny until August 17, 2010, which extended the Plaintiffs' opportunity to serve those defendants by several months. However, Plaintiffs did not file any proof of service by that extended deadline, despite Plaintiffs' counsel's representation in a briefing filed June 17, 2010, that he had learned of those defendants' general location. *See* (Ct. Rec. 16). The Court is now obligated by Fed. R. Civ. P. 4(m) to dismiss the action against Defendants Reed and Denny without prejudice.

**Conclusion:**

**IT IS ORDERED:**

1. Defendant City of Asotin's Motion to Dismiss the Plaintiffs' negligence claims (**Ct. Rec. 9**) is **GRANTED IN PART** and **DENIED IN PART**. The negligence claims of Dave and Diane Fitzgerald are **dismissed with prejudice**. The claims on behalf of the Fitzgeralds' minor son, G.F., are not dismissed.

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 7

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | / / / |
| 4 | |
| 5 | 2. Defendant City of Asotin's Motion to Dismiss Defendants Reed and |
| 6 | Denny (**Ct. Rec. 13**) is **GRANTED.** |

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and amend the caption accordingly.

**DATED** this 3rd day of September, 2010.

                       *s/ Rosanna Malouf Peterson*
                       ROSANNA MALOUF PETERSON
                       United States District Court Judge

ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION TO DISMISS CLAIMS AND GRANTING DEFENDANT'S MOTION TO DISMISS DEFENDANTS REED AND GARRY ~ 8