UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVE and DIANE FITZGERALD,<br><br>Plaintiffs,<br>v.<br><br>ASOTIN COUNTY, et al.,<br><br>Defendants. | NO:  CV-09-341-RMP<br><br>ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF |

This matter comes before the Court on the motion for involuntary dismissal of Plaintiffs Dave Fitzgerald and Diane Fitzgerald's[1] lawsuit pursuant to Fed. R.

---

[1] The Court notes that Ms. Fitzgerald's first name is identified as "Diane" in the Complaint, ECF No. 1, Amended Complaint, ECF No. 3, yet is identified as "Diana" in her declaration, ECF No. 44, and other filings.  The Court further notes that Ms. Fitzgerald is known as "Diana Keelean" since her divorce from Mr. Fitzgerald.  The Court refers to Ms. Fitzgerald as "Diane Fitzgerald" for the sake

Civ. P. 41(b), ECF No. 27, by Defendants Asotin County, City of Asotin, and Jeff Polillo, and Plaintiff Ms. Fitzgerald's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a), ECF No. 41, of herself as a party to the suit.

The Court has reviewed Defendants' motion to dismiss, ECF No. 27, and accompanying memorandum, ECF No. 28, and declaration, ECF No. 30, Plaintiffs' memorandum in opposition to Defendants' motion to dismiss, ECF No. 39, Plaintiff Diana Fitzgerald's motion to dismiss herself as a party, ECF No. 41, Plaintiff Dave Fitzgerald's affidavit, ECF No. 42, Garrett Fitzgerald's declaration, ECF No. 43, Diana Fitzgerald's declaration, ECF No. 44, Defendants' reply regarding their motion to dismiss, ECF No. 52, and supporting declaration, ECF No. 53, and the remaining record and is fully informed.

## BACKGROUND

This case began in November 2009 when Plaintiffs Dave and Diane Fitzgerald filed a complaint against Defendants under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and Washington State common law negligence theories for the injuries they allegedly sustained when law enforcement officers from the City and County of Asotin responded to an allegedly unfounded

---

of continuity and clarity and because it is simply unclear whether her first name is "Diana" or "Diane."

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 2

report of shots fired at the Fitzgeralds' home and allegedly pointed a gun "at point-blank range at the head of plaintiff's minor son, G.F." ECF Nos. 1 (Complaint, filed November 9, 2009) and 3 (Amended Complaint, filed February 25, 2010). The Fitzgeralds also alleged ongoing harassment by law enforcement following the November 2006 incident allegedly involving excessive force. ECF No. 3. They sued "on their own behalf and on behalf of their marital community, and on behalf of their minor son, G.F." ECF No. 3 at 1.

At the time Plaintiffs filed their Complaint and Amended Complaint, they were represented by J. Jarrette Sandlin. In an affidavit dated March 30, 2012, and filed April 2, 2012, Plaintiff Dave Fitzgerald claims that he fired Mr. Sandlin as their attorney over the telephone in "approximately October of 2010." ECF No. 42 at 2. Mr. Fitzgerald also recalls informing Mr. Sandlin during that phone conversation that "Diana and I were getting a divorce." ECF No. 42 at 2. However, in November, 2010, Mr. Sandlin negotiated a release of all claims against the Defendants in exchange for a $5000 settlement. ECF No. 27 at 3. Defendants agreed to the settlement in December 2010 and filed a notice of settlement with the Court. ECF No. 23.

Mr. Sandlin signed the settlement agreement on behalf of Plaintiffs on September 15, 2011. ECF No. 30-1 at 7. Furthermore, Mr. Sandlin represented to this Court "under penalty of perjury," in relevant part:

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 3

> The plaintiffs authorized me, (through Mr. Dave Fitzgerald, and verified telephonically by his wife, Ms. Diane Fitzgerald), to dismiss this case. I advised Attorney Jim Baker that this was the status of the case, and suggested a settlement of $5,000.00 was fair and reasonable, since that was the out-of-pocket costs by the Fitzgeralds, and apparently they wished to cease litigation even though their claims were legitimate.

ECF No. 31 (signed, dated, and filed March 12, 2012).

At some unspecified time, after Fall 2010, Mr. Fitzgerald consulted Todd S. Richardson, Plaintiffs' current counsel in this matter, in relation to an automobile accident, and in the course of that consultation discovered the settlement. The e-mails submitted to the Court show that Mr. Richardson learned from Mr. Sandlin of the settlement agreement on September 27, 2011, and assured defense counsel on December 8, 2011, that he was "contacting the Fitzgeralds" and would be back in touch with defense counsel. ECF No. 53-1. The Fitzgeralds' son, Garrett[2], who is not named as a Plaintiff in this action and, therefore, is not treated as a Plaintiff by the Court, further states in his April 2012 declaration that he discovered "last fall" that Mr. Sandlin agreed to settle the case for $5000. ECF No. 43 at 2.

---

[2] Garrett is no longer a minor, so initials are no longer required. Moreover, the Court uses his first name rather than "Mr. Fitzgerald" to avoid confusion with Plaintiff Dave Fitzgerald, without intending any disrespect.

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 4

Despite repeated requests to Mr. Sandlin, Defendants did not receive a signed order agreeing to dismiss this case. Nor had the Defendants' checks been cashed. On February 24, 2012, Defendants finally moved to reopen the case and moved to dismiss the case with prejudice for Plaintiffs' failure to prosecute the case. ECF Nos. 25 and 27.

## ANALYSIS

### *Apparent Authority to Settle*

To this date, Plaintiffs have not moved to set aside the settlement. Yet Plaintiffs, in responding to Defendants' motion to dismiss for failure to prosecute, dispute that Mr. Sandlin had authority to settle on their behalf. There is a direct contradiction between the Fitzgeralds' claim that they terminated Mr. Sandlin's representation in "approximately October of 2010," ECF No. 42 at 2, and Mr. Sandlin's representation on March 12, 2012, in a signed declaration that he was authorized by Plaintiffs to dismiss the case, ECF No. 31 at 2. Throughout the pleadings, Mr. Sandlin has made numerous representations that he was the authorized counsel for the Plaintiffs. Even in his March 30, 2012, declaration, Garrett states, "I was surprised when my Dad told me he fired Mr. Sandlin; although I hadn't heard from Mr. Sandlin in a long time, I believed he was working on our case. So, it surprised me to find out that Mr. Sandlin wasn't working on the case and my Dad had to fire him." ECF No. 43 at 2.

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 5

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1989). Washington, where this settlement agreement was executed, applies an objective manifestation theory of contract, meaning that courts do not look to unexpressed intentions regarding the formation of an agreement, but instead impute an intention that corresponds to the reasonable meaning of a person's words or acts. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503 (2005). "[O]nce a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention . . . ." *Haller v. Wallis*, 89 Wn.2d 539, 547 (Wash. 1978).

The Court finds ample evidence in the record supports that Mr. Sandlin acted with actual or apparent authority when he bound Plaintiffs to the settlement agreement. *See* ECF Nos. 30 and 31. As far as the Court and the Defendants are concerned, the Plaintiffs' alleged intention not to enter the settlement agreement was unexpressed until April 2, 2012, the date that the March 30, 2012, affidavit and declarations were filed, and any lack of express authority is not an issue properly addressed in this case but instead in any subsequent case between Plaintiffs and former counsel Mr. Sandlin.

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 6

*Dismissal for Failure to Prosecute*

Defendants base their motion to dismiss on Plaintiffs' failure to prosecute. A dismissal for failure to prosecute "must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir.2010). In addition, this Court weighs the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk to defendants from delay; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986); *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931 (1979).

*Unreasonable Delay*

The Court finds two periods of inaction by Plaintiffs to constitute the "unreasonable delay" contemplated by *Omstead*, 594 F.3d at 1084.

First, though the Plaintiffs do not contest that they knew through their current counsel of the settlement and accompanying dismissal at the latest in December 2011, they did not pursue any relief in this Court until April 2012, and only then in response to the Defendants' motion to dismiss. It is unclear when, if ever, Plaintiffs would have pursued any remedial action had Defendants not filed their motions to reopen and dismiss on February 24, 2012.

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 7

1    Second, Plaintiffs have submitted an assertion by Mr. Fitzgerald that in

2  "approximately October of 2010" he had a phone conversation with Mr. Sandlin

3  in which Mr. Fitzgerald allegedly told Mr. Sandlin "that if he was going to give up

4  that easily he was fired." Mr. Fitzgerald recalls Mr. Sandlin telling him that he

5  would receive "some form for [Mr. Fitzgerald] to sign that would release [Mr.

6  Sandlin] from the case. ECF No. 42 at 2. Mr. Fitzgerald further asserts that he

7  "did not intend to settle the case" and that he "wanted [his] file and the document

8  necessary for [him] to proceed with another attorney." ECF No. 42 at 2. However,

9  there is no evidence that Mr. Fitzgerald ever inquired with Mr. Sandlin further

10 about the form or otherwise pursued the matter of his termination of Mr. Sandlin as

11 counsel or, indeed, anything having to do with this case, until Mr. Fitzgerald

12 mentioned the case to Mr. Richardson in approximately Fall 2011. In addition, the

13 Court received no notification from Plaintiffs in response to the Court's December

14 21, 2010, text order closing the file and granting leave to file settlement

15 documents, until Plaintiffs' declarations filed in April 2012.

16    ***Court's Need to Manage Its Docket and Risk to Defendants from Delay***

17    Both the Court and Defendants had a firm basis to believe that this case was

18 resolved in December 2010, and have acted in accordance with that resolution of

19 the matter since that date. The scheduling order in this case became moot when

20 the Court received notice of settlement, and the Court removed the case from its

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO
PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY
DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 8

trial calendar. The Court now has expended considerable time and effort reopening the case, *see* ECF No. 38, and addressing the currently pending motions. These efforts touch heavily upon the Court's need to manage its docket efficiently and effectively. Moreover, to allow Plaintiffs to withdraw from the settlement and proceed with this case now, nearly two years after they claim that Mr. Fitzgerald fired Mr. Sandlin, would prejudice the Defendants' ability to respond to Plaintiffs' claims, which concern events that occurred nearly four years ago. Witnesses' memories may have faded and other discovery may have been destroyed.

### *Public Policy*

Although public policy favors disposition of cases on their merits, public policy also strongly favors settlements. Once a settlement is entered, it may be set aside only if the client produces "proof that the attorney had no right to consent to its entry." *Edwards v. Born, Inc.*, 792 F.2d 387, 390 (3d Cir. 1986) (internal quotations omitted). Although Plaintiffs have submitted recently drafted declarations alleging that Mr. Sandlin did not have actual authority, the record is replete with Mr. Sandlin's declarations and emails that support that he had either actual or apparent authority to consent to entry of the settlement. ECF No. 31.

### *Availability of Less Drastic Sanctions*

The Plaintiffs are seeking to reopen the case to have an opportunity to relitigate the case. However, given Mr. Sandlin's actual or apparent authority to

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 9

Case 2:09-cv-00341-RMP    Document 54    Filed 05/21/12

settle this case on behalf of the Plaintiffs, the Defendants' reasonable reliance on Mr. Sandlin's actual or apparent authority, and the time that has elapsed before Plaintiffs have challenged Mr. Sandlin's authority or requested to reopen this case, the Court finds that dismissal is the least drastic sanction available.

## CONCLUSION

The Court finds that if Mr. Sandlin did not have actual authority to settle this case, he had apparent authority to settle this case. The Plaintiffs' failure to obtain substitute counsel to pursue this case, to prosecute this case, or to object to the filed settlement notice in this case, justify dismissal of this case with prejudice. Alternatively, the Court would enforce the settlement agreement and dismiss this case with prejudice based on Defendants' payment of the settlement funds into the Court's registry.

Accordingly, **IT IS ORDERED:**

1. Defendants' motion to dismiss for failure to prosecute, **ECF No. 27**, is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE.**

2. Plaintiff Diane Fitzgerald's motion for voluntary dismissal as a party, **ECF No. 41**, is **DENIED AS MOOT**.

3. Defendants are directed to deposit the settlement amount of $5000.00 into the Court's registry **by June 1, 2012**. Upon deposit of the funds, the District Court Executive **shall disburse** the sum $5000.00 in the form of

ORDER GRANTING MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL OF DIANE FITZGERALD AS A PLAINTIFF ~ 10

a check made payable to "Dave and Diane Fitzgerald." The Court further directs the District Court Executive **to deliver** the check to Todd Samuel Richardson, 604 Sixth Street, Clarkston, WA 99403.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and close the file in this case.

**DATED** this 21st day of May 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge